W. L. RAHT, APPELLANT v. THE SEVIER MINING AND MILLING COMPANY AND CHARLES LAMMERSDORF, RESPONDENTS.

ASSESSMENT AND SALE OF MINING STOCK—VALIDITY—LIMITATIONS —LACHES—AVOIDANCE IN REASONABLE TIME—TENDER.

1. *Assessment and Sale of Stock—Validity.*
   As a general rule, the validity of the forfeiture and sale of shares of stock depends upon a formal compliance with the requirements of the statute.

2. *Invalid Levy of Assessment not Cured by Statute.*
   A levy of assessment of stock not made in substantial compliance with Sec. 2377, C. L. U. 1888, (R. S. 1898, Sec. 358) is not validated by Sec. 2390, C. L. U. 1888, (R. S. 1898, Sec. 370) which provides that the levy of assessment shall not be void in certain cases.

3. *Irregular Forfeiture of Stock not Void, but Voidable—Estoppel.*
   A forfeiture of shares of stock, where the forfeiture was irregular or defective in form, is not void but voidable, and, by subsequent knowledge and acquiescence, the shareholder and the company are alike estopped to deny its validity.

4. *Recovery of Stock Barred by Limitation—Fraud—Laches.*
   An action to recover stock sold for assessment, on the ground of fraud and non-compliance with the statute, is barred by sub-

div. 4 of Sec. 3144, C. L. U. 1888, (R. S. 1898, Sec. 2877) where the complainant participated in the proceedings under which the levy was made, and had notice of the sale and acquiesced in the same, and then slept on his rights for more than three years.

5. *Action to Recover Stock Sold for Assessment—Tender a Prerequisite.*

Sec. 2391, C. L. U. 1888, (R. S. 1898, Sec. 371) provides that in an action to recover stock irregularly sold for assessment, the plaintiff must first pay or tender the sum for which the stock was sold, together with interest, etc., and compliance with this statute is necessary to the maintenance of such an action.

6. *Avoidance of Sale of Stock—Reasonable Time Defined.*

The option to avoid a sale of mining stock must be exercised within a reasonable time. What is a reasonable time must be decided in each case upon all the elements of it which affect the question. One claiming an interest in mining stock, the value of which is a fluctuating one and largely dependent upon the courage, energy, and enterprise of interested parties, should be held to prompt action.

7. *Laches and Acquiesence Bar Equity.*

Equity will refuse to assist a stockholder who acquiesces in a forfeiture of his shares as long as they are valueless and then, when they become valuable by reason of changed circumstances or by the efforts of innocent parties, seeks to be reinstated in the rights which he had previously repudiated.

( Decided October 26, 1898.)

Appeal from the District Court Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by plaintiff to set aside and annul a sale under an assessment on certain shares of stock of defendant company, and to annul and cancel the issuance and transfer of said stock to defendant Lammersdorf. From a decree in favor of defendants plaintiff appeals. *Affirmed.*

*Frank Pierce, Esq.*, for appellants.

The alleged assessment of May 27, 1893, is absolutely void and consequently the attempted forfeiture and sale of the stock is void.   The assessment was not in accordance with Compiled Laws of 1888, Sec. 2377, in that, First: It does not specify "to whom and where payable."   Second: It does not "fix a day on which the unpaid assessment shall be delinquent."   Third: It does not fix "a day for the sale of delinquent stock."

It is a settled rule that the validity of the forfeiture and sale of shares depends upon a strict and formal compliance with the requirements of the statute.   1 Cook on Stock & Stockholders, Sec. 129; *Garden Gully Co.* v. *McLister*, L. R. 1 Appeal Cases, 39; *Germantown Ry. Co.* v. *Fitler*, 60 Pa. 124.

The power given to forfeit stock must be strictly pursued and if any restrictions or limitations imposed by the charter have been disregarded, the forfeiture is invalid. *Morris* v. *Metalline Land Co.*, 44 A. S. R. 614; Same case, 164 Pa. St. 326.

A corporation has no inherent power to forfeit or sell shares of stock owned by delinquent stockholders.   That is not a common law remedy and can only be exercised when it is expressly conferred by the statute, and then only in the manner prescribed by law.   *Budd* v. *Multnomah Street Ry.*, 15 Ore. 413; *Westcott* v. *M. M. Co.*, 23 Mich. 145; Cook on Stock & Stockholders, Sec. 123; Thompson on Corporations, Sec. 1766.

If the condition precedent prescribed by law be not strictly complied with, the proceedings to declare the forfeiture are absolutely void.   *Westcott* v. *M. M. Co.*, 23 Mich. 145, and cases there cited.

The court found that our action was barred by the pro-

visions of subdivision 4, section 3144, laws of 1888. We think the court erred in this. We think it is controlled by Sec. 3150 Compiled Laws 1888, to wit: Sec. 3150. S. 201. "An action for relief not herein provided for must be commenced within four years after the cause of action shall have accrued."

Our action is to clear a cloud from our title, to cancel spurious and over-issued stock and to compel the company to recognize the plaintiff as the owner of the stock.

California for many years has had a statute identical with our Sec. 3150. 3 Deering's Code, 343.

In 1867 the Supreme Court of that State decided that an action to remove a cloud from a title was not controlled by the limitations contained in the clause covering fraud and mistake but by the section identical with our Sec. 3150. Such has been the settled law in California ever since. *Stewart* v. *Thompson*, 32 Cal. 264.

At the common law in action to clear a cloud from the title actions which are purely equitable, mere lapse of time is never a bar. 13 A. & E. Enc. of Law, 680, note 2. *Schoener* v. *Lissauer*, 107 N. Y. 111.

We are not barred by Sec. 2391 of the Compiled Laws of Utah. 1888.

Respondent's plea is, First: We did not bring our action in six months. Second: We have not tendered the (alleged) assessment of ½ a cent.

This section applied only in those cases where there is ·

(a) An irregularity or defect in the notice of sale.

(b) A defect or irregularity in the sale.

This section is not applicable to the case at bar. The attempted levy is void. The board never exercised the power given it by Sec. 2377 to make a levy. The assessment is void *ab initio*. Any amount of notices by the secretary could not put life into a void levy.

Section 2391 is similar to the California law. It has been construed there in a case where the levy was valid but the sale was irregular. *Burham* v. *San Francisco Fuse Mfg. Co.*, 76 Cal. 28.

The plaintiff is not estopped to deny the validity of the assessment because he voted for it or acquiesced in it.

Any amount of acquiescence in an absolutely void act cannot give it validity. *Scoville* v. *Thayer*, 105 U. S. 143.

The plaintiff was not guilty of laches.

We believe the rule of laches to be this: So long as the relative positions of the parties is not altered, to the prejudice of the defendant, delay short of the period of limitations is of very little consequence. 12 A. & E. Enc. p. 544, Note 4 and cases cited.

*Messrs. Marshall, Royle & Hempstead* for respondent.

The findings of fact by a trial court will not be set aside without finding that they were made against the clear preponderance of the evidence. *Connor* v. *Raddon*, 16 Utah, 418; *McKay* v. *Farr*, 15 Utah, 261; *Henderson* v. *Adams*, 15 Utah, 30; *Darke* v. *Smith*, 14 Utah, 35; *Silva* v. *Pickard*, 14 Utah, 245; *Whiteside* v. *Green*, 13 Utah, 341; *Short* v. *Pierce*, 11 Utah, 29; *Stahn* v. *Hall*, 10 Utah, 400; *Dooly Block* v. *Rapid Transit Co.*, 9 Utah, 31; *Hannaman* v. *Karrick*, 9 Utah, 237; *Slater* v. *Cragan*, 7 Utah, 412; *Mining Co.* v. *Haws*, 7 Utah, 315; *McDonough* v. *Smith*, 5 Utah, 276.

The assessment under which plaintiff's stock was sold was a valid assessment.

The provisions of Sec. 2377 Compiled Laws, 1888, defining what the order levying an assessment should state, are directory merely. *Fisk* v. *Patton*, 7 Utah, 399 at page 409.

Even if there was a defect or irregularity in the sale of plaintiff's stock he cannot maintain this action for the reason that he did not first pay or tender to the corporation or to the defendant Lammersdorf the sum for which the same was sold, together with all the subsequent assessments paid thereon and interest on such sums from the time they were paid.

The foregoing states in substance the requirements of Sec. 2391 C. L. of Utah, 1888, none of which the plaintiff in this case has complied with.

On the point that this statute must be strictly complied with and that it is not sufficient for a plaintiff seeking to recover stock sold for delinquent assessment to make a tender for the first time at the trial, see 2 Thompson on Corporations, Sec. 1808; *Burham* v. *San Francisco Fuse Mfg. Co.*, 76 Cal. 26.

The plaintiff's cause of action, assuming that the assessment for which the stock was sold was invalid, is barred by the Statute of Limitations, Subd. 4 of Sec. 3144, and Sec. 2391 C. L. of Utah, 1888.

The plaintiff's cause of action, assuming that the assessment under which his stock was sold was invalid, is barred by his own laches. The time in which a claim is barred by the laches of its owner may be much shorter than the period prescribed by the statute of limitations; and the doctrine of laches is stringently enforced in cases involving mining properties of uncertain or prospective value. Pomeroy's Eq. Jur. 2d ed. Sec. 418–419; same Secs. 816–820–917–965; Watt's App. 78 Pa. St. 370; *Hoyt* v. *Latham*, 143 U. S. 553 at p. 567–570; *Johnson* v. *Standard Mining Co.*, 148 U. S. 360; *Mining Co.* v. *Mining Co.*, 14 Colo. 90; 2 Thomp. Corp. Sec. 1807; *Sayre* v. *Citizen's Gas Light & Heat Co.*, 69 Cal. 207; 2 Cook on Stock and Stockholders, 3d ed. Sec. 732 and notes; *Clay*

Co. v. *Harvey*, 9 Utah, 497; 2 Herman on Estoppel, Secs.
733, 735, 1003.

The plaintiff himself as a director voted for the assess-
ment he now claims is void. If the complaining stock-
holder takes part in this act complained of, he is barred of
his remedy. It does not lie in the mouth of a member of
a corporation who has participated in the irregular pro-
ceedings to question their legality. Cook on Stock and
Stockholders, 3d ed. 730, and cases cited in note 7. *U. S.*
v. *U. P. Ry. Co.*, 98 U. S. 569, at p. 612. *N. H. Central
Ry.* v. *Johnson*, 64 Am. Dec., 300 at pages 307-8. *Wood* v.
*Corry etc. Waterworks Co.*, 44 Fed. 146. 1 Beach on
Private corporations, Sec. 296 and note 2. *Easterly* v.
*Barber*, 65 N. Y. 252

MINER, J.

This action was brought on the 25th day of September,
1897, to set aside and annul a sale under an assessment
on 15421 shares of the capital stock of the Sevier Mining
and Milling Company, and to annul and cancel the issu-
ance and transfer of said shares of stock to defendant
Lammersdorf, on the ground that the assessment under
which the stock was sold was fraudulent and void. The
answer after denying the allegations of the complaint,
alleges that the plaintiff's cause of action is barred by his
own laches and by the provisions of subdivision 4 of
Sec. 3144, and by Sec. 2391, C. L. U. 1888.

The plaintiff was one of the directors of the defendant
company, and owner of the stock in question. On the 27th
day of May, 1893, plaintiff met with the directors of the
defendant company in a board meeting, and with tne
balance of the directors voted for the following resolution,
which was unanimously adopted: "Director Rice moved

that an assessment of one-half cent per share be levied, payable immediately; carried by full vote."

The resolution was entered on the minute book of the company. In pursuance of this levy of assessment the stock in question was sold for delinquent assessment on the 20th day of July, 1893, to defendant Lammersdorf, and thereafter on the 30th day of September, 1893, the plaintiff's stock was marked cancelled on the books of the company, and the stock certificate covering the shares cancelled, together with other shares, not here in question, were issued to defendant Lammersdorf. Notice of this assessment was duly given to plaintiff and other stockholders, and duly published according to law, as was also the notice of the sale of the stock for delinquent assessment.

There is testimony tending to show, and the court found in substance, that the plaintiff's stock was sold under an assessment, and cancelled and transferred to Lammersdorf on September 30, 1893; that the company did not cancel the stock in fraud of the rights of plaintiff; that Lammersdorf, in purchasing said stock, did it in good faith, not knowing that plaintiff's certificates had been cancelled in fraud of plaintiff's rights; that since September 30, 1893, plaintiff has had no interest in said stock; that plaintiff participated in the meeting of the directors on May 27th, 1893, and voted for said assessment; that the stock was sold because plaintiff failed to pay his assessment; that plaintiff knew of the publication of the notice of assessment and the notice of the sale of the stock, and that for more than three years prior to the beginning of this suit, plaintiff well knew of said levy and of said sale, and with such knowledge thereof, declared that it was his intention not to redeem his stock so sold, as he considered it worthless in view of the likelihood

of additional assessments being placed upon it; that after the sale of said delinquent stock, at a subsequent meeting of said board of directors of said company, said plaintiff being present and acting as a director of said company, an order was made by said board, levying another assessment upon the stock of said company; that from that date forward, the plaintiff acquiesced in all the said proceedings of the company in regard to his stock, and with a knowledge of what was being done in relation thereto, and made no objection or complaint in relation to the same to said Lammersdorf or to said company; that said Lammersdorf by permission of the plaintiff, has paid said last named assessment on said stock, amounting to fourteen cents a share, which plaintiff has never paid or offered to pay; that plaintiff has delayed the assertion of his alleged cause of action, set up in the complaint, for an unreasonable and inequitable length of time, and until the same is barred by subdivision 4 of Sec. 3144, C. L. U. 1888.

The appellant contends that the levy of the assessment was void because it did not follow the requirements of section 2377, C. L. U. 1888, which provides:

"Every order levying an assessment must specify the amount thereof, when, to whom, and where payable; fix a day subsequent to the full term of the publication of the assessment notice on which the unpaid assessment shall be delinquent, not less than thirty nor more than sixty days from the time of making the order levying the assessment, and a day for a sale of delinquent stock, not less than fifteen nor more than sixty days from the day the stock is declared delinquent."

Section 2390, C. L. U. 1888, provides that no assessment is invalid by failure to make publication of notice nor for non-performance of any act required in order to

enforce the payment of the same; but in case of any substantial error or omission in the course of the proceeding for collection, all previous proceedings, *except the levy of assessment*, are void, and publication must be begun anew.

Notwithstanding the provisions of section 2390, to the effect that the levy of the assessment shall not be void in certain cases, we cannot conclude that the levy of the assessment was regular and in conformity with the statute, or that under it, except for the conduct, laches and delay of the plaintiff in bringing suit, hereinafter discussed, the defendant Lammersdorf obtained at the sale, any more than a colorable title to the stock.

As a general rule, the validity of the forfeiture and sale of the shares of stock depend upon the formal compliance with the requirements of the statute. It is also a well-established rule, that a forfeiture of shares of stock, where the forfeiture was irregular or defective in form, is not void, but voidable, and that, by subsequent knowledge and acquiescence, the shareholder and the company are alike estopped to deny its validity. 1 Cook on Stock and Stockh. Sec. 129.

It is claimed by the appellant that the court erred in its findings that the plaintiff's remedy was barred by the provisions of subdivision 4 of section 3144, and section 2391, C. L. U. 1888, and that plaintiff was guilty of laches, etc.

Sec. 2391, reads as follows:

"No action shall be sustained to recover stock sold for delinquent assessment upon the ground of irregularity or defect of the notice of the sale, or defect or irregularity in the sale, unless the party seeking to maintain such action first pays or tenders, to the corporation or the party holding the stock sold, the sum for which the same was sold, together with all the subsequent assessments which

may have been paid thereon, and interest on such sums, from the time they were paid, and no such action shall be sustained, unless the same is commenced by the filing of a complaint, and the issuing of a summons thereon, within six months after such sale was made."

Sec. 3144, reads as follows: "Within three years."

Subd. 4. "An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery by the agrieved party, of the facts constituting the fraud or mistake."

The court found, and the evidence clearly shows that the plaintiff as director was present at the meeting of the board of directors of the defendant corporation on the 27th day of May, 1893, and voted for the assessment resolution, under which the stock in question was subsequently sold. He afterwards received a copy of the notice of the assessment in regular form under the statute, and the same was duly published. He also received a notice of the sale of delinquent stock, which was also published for the requisite period of time in accordance with the statute. In pursuance of such assessment and notice said stock was sold on the 20th day of July, 1893, and was purchased at such sale by defendant Lammersdorf, of which plaintiff had notice at the time. In the summer and fall of 1893, plaintiff knew the stock sold was open for him to redeem, and he was urged to redeem it, but he declined, because there was a prospect that it would be again assessed for more than it was worth, and he did not care to redeem it or pay the price paid by defendant. He was present at another board meeting in 1893, when another assessment was made on the stock which was also paid by defendant Lammersdorf.

This suit was commenced on the 25th day of September, 1897, more than three years after he was made acquainted

with the facts of the case; more than three years after he had refused to redeem from the sale, or pay the amount paid for the stock; more than four years from the date of the sale of the stock to the defendant, and of knowledge brought home to him personally, and more than four years after he personally voted for the assessment.   During this period the plaintiff acquiesced in the sale, and never made any objection thereto.   The plaintiff did not make any effort to comply with the provisions of section 2391.   He made no tender to the purchaser and holder of the stock sold, of the sum for which the same was sold, together with all subsequent assessments, and interest on such sums from the time such assessments were paid, nor is there any allegation in the complaint that he had done so. The amount tendered at the trial for the second assessment paid was insufficient in amount, and no tender was made to pay the interest accrued upon the sum paid, and the offer was made more than four years after the sale was made.   Nor did the plaintiff file his complaint within six months after the sale was made as required by the statute. Under this statute relief could only be granted upon condition of paying or offering to pay what was due, with interest, with respect to the shares purchased.

Under the complaint, taking into consideration the circumstance of fraud charged therein, together with the laches shown by appellant, subdivision 4, of section 3144, must be regarded as applying to such cases and held as a bar to the plaintiff's recovery in this case.   Under section 2391, as well as the equitable rules governing such cases, this action should not be maintained.   2 Thompson on Corp. Sec. 1808.

The plaintiff in this case has slept upon his rights so long after knowledge of them, and has shown such laches and disregard of his interests, as not to entitle him to any

consideration in a court of equity. The alleged void levy was by his own procurement, and after he had full knowledge of all the subsequent steps of the notice, publication and sale, he delays action to regain his assumed rights for four years. After knowing all the facts he was in the position of one who lies by to see whether the mine shall prove profitable and then determine whether or not he will participate further as a stockholder in the corporation, or will disclaim any interest in the venture. After four years he discovers a probable advance in the value of the mine, and he concludes that after all it may be profitable, and then assumes to disavow his own act in procuring what he now claims to be a void levy of assessment. The stockholder cannot acquiesce in a forfeiture of his shares so long as they are valueless, and then when they become valuable by reason of changed circumstances, or by the efforts of innocent parties, claim the aid of a court of equity to reinstate him in his rights as a stockholder which he had previously repudiated. 2 Thompson on Corp. Sec. 1807.

The doctrine is well established that the option to avoid such a sale must be exercised within a reasonable time. What is a reasonable time, must be decided in each case upon all the elements of it which affect the question. The fluctuating character and value of this kind of property in question is well known. Such property may be worth many thousand dollars to-day and nothing to-morrow. The courage, energy, enterprise and means applied to it by interested parties may in a month unexpectedly cause it to yield thousands, while under other circumstances it might be valueless. It is therefore obviously unjust to permit one holding a right to assert ownership in such property, to allay the fears of an innocent purchaser and voluntarily await the event of a favorable turn of the scale and then decide, when the dan-

ger has been at another's risk, to come in and absorb all the profits in which he took no responsibility. Under such circumstances a party claiming an interest should be held to prompt action and decide whether he will share the risks, or stand clear from them.

With full knowledge of the facts and circumstances the appellant took no action, although advised to do so, until this suit was brought, four years after sale, and presumably not until all the danger of probable loss was over, and the skill of the purchaser and changed conditions had made the mine a probable financial success. Not until then was any claim asserted by the plaintiff in this case. Under such circumstances this court cannot aid the plaintiff.

In *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 587, it is said:

"When a party with full knowledge, or at least with sufficient notice or means of knowledge, of his rights and of all the material facts, freely does what amounts to a recognition of the transaction as existing, or acts in a manner inconsistent with its repudiation, or lies by for a considerable time and knowingly permits the other party to deal with the subject matter under the belief that the transaction has been recognized, or freely abstains for a considerable length of time from impeaching it, so that the other party is thereby reasonably induced to suppose that it is recognized, there is acquiescence, and the transaction, although originally impeachable, becomes unimpeachable in equity." 2 Pom. Eq. Jur. Sec. 965; *Twin Lick Oil Co.* v. *Marbury,* 91 U. S., 587; *Clay Co.* v. *Harvey,* 9 Utah, 197; *Hayward* v. *National Bank,* 96 U. S., 611; *Johnston* v. *Standard Mining Co.,* 148 U. S., 360; *Easterly* v. *Barbour,* 65 N. Y., 252.

Independent of the statute of limitations we are also of

the opinion that plaintiff's claim was barred by his own laches and acquiescence in the sale to the defendant.

We have given the other matters contained in the several briefs of counsel careful consideration, but do not deem further discussion necessary.

The findings and decree of the district court are affirmed with costs.

ZANE. C. J. and BARTCH, J. concur.