BEN SCHWAB, Respondent, v. THE FRISCO MIN-
ING AND MILLING COMPANY, Appellant.

CORPORATIONS — DE FACTO AND DE JURE OFFICERS — SEC. 217, R. S.
1898.    FORFEITURE AND SALE OF STOCK — GENERAL RULE.
QUO WARRANTO — HOW FAR EFFECTIVE — EQUITY JURISDICTION
— COLLATERAL INQUIRY.    ACTS OF DE FACTO DIRECTORS —
WHEN AND HOW QUESTIONED BY STOCKHOLDERS.

*Corporations — De Facto and De Jure Officers — Sec. 217, R. S. 1898.*

Individuals who have been elected directors of a corporation, but
who fail to file their oaths of office in accordance with Sec.
217, R. S. 1898, are not *de jure* officers, because they have not
complied with the law.

*Forfeiture and Sale of Stock — General Rule.*

As a general rule the validity of a forfeiture and sale of shares
of stock in an incorporated company depend upon a formal
compliance with the requirements of the statute.[1]

*Quo Warranto — How Far Effective — Equity Jurisdiction — Collateral
Inquiry.*

While a *quo warranto* proceeding might test the right of so-called
directors to hold their office, it would be of little avail to re-
store to plaintiff stock illegally sold; and although a court of
equity will not assume jurisdiction to remove an officer of a
corporation or declare a forfeiture of his office, yet when the
court has jurisdiction for one purpose and the right and au-
thority of certain persons, as officers, collaterally appear, it
will inquire into and determine such questions.

*Acts of De Facto Directors — When and How Questioned by Stock-
holders.*

Where under the articles of incorporation an assessment by
directors duly elected and qualified under the statute, is

[1] *Raht* v. *Sevier Mining Co.*, 18 Utah, 290.

essential to create a liability upon stockholders, the validity of the acts of a board of directors, *de facto*, and their authority as such, may be called in question by any stockholder who has not acquiesced therein, whenever such acts are detrimental to his interests, affect property rights, or impose liability upon him, and the rights of third parties do not intervene.

(Decided March 28, 1900.)

Appeal from the Third District Court, Salt Lake County, Hon. H. H. Rolapp, *Judge.*

Action to recover certain stock sold for delinquent assessment, and to have the sale declared void, and to obtain a re-issue of said stock. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*Messrs. Stephens and Smith,* for appellant.

Whether the failure of the officer to file his oath of office makes his acts void.

Of the board which acted in levying the assessment, two, E. W. Genter, president and director, and E. L. Talbot, director, were original officers of the company, and filed their oaths in the beginning; they were officers both *de facto* and *de jure.* 2 Cook on Corporations, 4th Edition, Secs. 624, 713; *First Nat. Bank* v. *Layman,* 130 N. Y., 366.

Of the other three members of the board, Forrester and Thompson had served during the previous term; namely, from July 12, 1897, until July 12, 1898, and J. W. Delano, only, was a recently elected officer, having taken the place of George Havercamp at the July 12, 1898, election.

It is the appellant's contention that this board had power to levy an assessment and cause a sale of the stock

upon which said assessment was not paid, nowithstanding the fact that three of its members had not filed their oaths of office with the county clerk as directed by law.

It is well settled that the acts of *de facto* officers of private corporations, whether illegally elected, or ineligible to office, are valid and binding upon the corporation. 5 Am. and Eng. Ency. of Law, 94, and numerous cases cited in the note; 2 Cook on Corporations, 4th ed., Secs. 623, 713, and cases cited in the notes; *Charitable Asso.* v. *Baldwin*, 1 Metc. (Mass.), 359; *Ohio & M. R. Co.* v. *McPherson*, 35 Mo., 13; S. C., 86 Am. Dec., 128; Thompson on Corporations, Sec. 3899; *Vandenberg* v. *Connoly*, 18 Utah, 125; *Dayton* v. *Borst*, 7 Bosw., 115.

The acts of those publicly exercising the functions of private corporations are upheld on the same principle which upholds the acts of *de facto* public officers and *de facto* corporations. Thompson Corp., Sec. 3893; *Rockville Turnp. Road* v. *Van Ness*, 2 Cranch, C. C. 449; 11, 986 Fed. Cases; see note Am. and Eng. Ry. Cases, 160.

The right of these directors to their office, and to perform the duties of the same, can not be questioned, except in a direct proceeding to which they are parties.

Schwab can not in this collateral manner attack the right of the officers to levy the assessment. *Dispatch Line* v. *Bellemy* 37 Am. Dec., 203; *Bank of U. S.* v. *Dandridge*, 12 Wheat, 64; *Central Trust Co.* v. *Wabash*, 23 Fed., 838; *Hussey* v. *Smith*, 25 Lawyers' Co-operative Edition, U. S. Sup. Ct. Reports, 314 (Utah case); *People* v. *Sassovich* 29 Cal., 480; *Gumberts* v. *T. A. E. Co*, 28 Ind., 181; *Coles* v. *Allison*, 23 Ill., 437; *Gallison* v. *Hedrick*, 15 Gratt., 244;☐*People* v. *Stevens*, 5 Hill, 616; *People* v. *Albertson*, 8 How. Pr., 363; *Hooper* v.

*Goodwin,* 48 Me., 79; *Plymouth* v. *Painter,* 17 Conn., 585; *Petersilea* v. *Stone,* 119 Mass., 465; S. C., 20 Am. Rep., 335.

The statute regarding the filing of the oaths of the officer is directory, not mandatory. *Jackson* v. *Crown Point Co.,* 59 Pac., 238; Endlich on Statutory Construction, Sces. 433–436; *Citing Dreyfus* v. *Bridges,* 45 Miss., 247.

*Messrs. Pierce, Critchlow & Barrette,* for respondent.

The persons who levied the assessments were *de facto* directors at most, and therefore could not levy an assessment and forfeit a stockholder's shares.  4 Thompson on Corporations, Sec. 4524; *Moses* v. *Tompkins,* 84 Ala., 613, S. C., 4 South, 763; *Garden Gulley* v. *McLister,* 1 App. Cases, 39; 2 Cook on Corporations, Sec. 618, p. 1168; *People's Ins. Co.* v. *Westcott,* 14 Gray, 440; 2 Cook on Corporations (4th ed.), Sec. 625; *Tyne* v. *Brown,* 74 L., §Rep., 293 (1896).

It necessarily follows that in an action to avoid the malicious consequences of the acts of *de facto* boards in levying assessments, that the attack is made collaterally on the board of directors.  If a wrongful board has done a wrongful act, a court of equity will correct it if it is within its power.  17 Am. and Eng. Ency., p. 52; *Mechanics' Nat. Bank* v. *Burnet Mfg. Co.,* 32 N. J. Eq., 236; *Johnson* v. *Jones,* 23 N. J. Eq., 216; *Nathan* v. *Tompkins,* 82 Ala., 437; S. C., 19 Am. and Eng. Corp. Cases, 336; *Moses* v. *Tompkins,* 84 Ala., 613; S. C., 21 Am. and Eng. Corp. Cases, 634.

A statute authorizing a forfeiture without judicial proceedings must be pursued with the greatest strictness.  1 Cook on Corporations, Sec. 129; *Garden Gully Co.* v.

*McLister, supra; Germantown Ry. Co. v. Fitler,* 60 Pa., 124; S. C., 100 A. D., 546.

The power given to forfeit stock must be strictly pursued, and if any restriction or limitations imposed by the charter have been disregarded, the forfeiture is invalid. *Morris* v. *Metalline Land Co.*, 44 A. S. R., 614; S: C., 164 Pa. St., 326.

A corporation has no inherent power to forfeit or sell shares of stock owned by delinquent stockholders. That is not a common-law remedy, and can only be exercised when it is expressly conferred by the statute, and can only be exercised in the manner prescribed by law. *Budd* v. *Multnomah Street Ry.*, 3 A. S. R., 169; S. C., 15 Ore., 413; *Westcott* v. *Min. M. Co.*, 23 Mich., 145; Cook on Stock and Stockholders, Sec. 123; 2 Thompson on Corporations, Sec. 1766.

If the condition precedent prescribed by law be not strictly complied with, the proceedings to declare the forfeiture are absolutely void. *Westcott* v. *Minn. M. Co.*, *supra; People ex rel. Pulford* v. *Fire Dep. Detroit,* 31 Mich., 458; *Lewey's Island Ry. Co.* v. *Bolton,* 48 Maine, ——; S. C., 77 Am. Dec., 236; *Bray* v. *Farwell,* 81 N. Y., 600.

### STATEMENT OF FACTS.

The defendant corporation was organized July 12, 1896, with a capital stock of 200,000 shares of a par value of $1.00 each. Its articles of incorporation provided for the election of a board of five directors, to hold their office for one year, and until their successors were elected and qualified. The annual meeting for electing officers was required to be held on the second Monday of July in each year. Three directors constituted a quorum of the board of directors. At its first meeting, July 12, 1896, the offi-

cers of the corporation were duly elected, filed their oaths of office, and qualified under the statute. At a subsequent annual election of officers on July 12, 1898, Mr. E. W. Genter was elected president and director, J. L. Thompson, vice-president and director, George E. Forrester, secretary, treasurer, and director, E. L. Talbot and J. W. Delano, directors. Neither of these parties qualified or took the oath of office required by the statute, but each continued to act in the position to which he had been elected without objection from any source. Only two of the directors who were elected in 1898 had taken the oath of office in 1896. The plaintiff subscribed for and owned 20,000 shares of the capital stock of the company, subject to payments thereafter to be made. On July 28, 1898, the said board of directors, last elected, consisting of Genter, Forrester, and Delano, levied an assessment of one half of one per cent per share on the capital stock, as provided by the articles of the association, payable September 13, 1898. Due notice of such assessment was given each stockholder. Plaintiff failed to pay said assessment, and after due notice his stock was sold to pay such assessment, the corporation being the purchaser. On August 9, 1898, the plaintiff wrote to the president of the company, in substance, that he had come to the conclusion that it was impossible to keep up his assessments, as they would keep up indefinitely, and desired the president to dispose of his stock at some figure. The president of the company, on August 22, answered, urging the plaintiff to remain in the company and pay his assessment, also suggesting that plaintiff pay one half of the assessment and let the balance run another month, but that he would have the stock sold for him if he could find a purchaser. On October 4, the president again wrote plaintiff, advising him that the stock was sold to the company

for non-payment of the assessment, and that plaintiff could redeem it, and that the company would probably save the stock for him if he would pay $100 per month, until the same was fully paid, payments to commence at once. Plaintiff did not make any payments on the stock. When the stock was sold on September 13, it had but small market value, but on February 1, the stock was selling at fifteen cents per share. .

On July 22, September 17, and December 17, 1898, other assessments were made upon the stockholders of one half of one per cent per share. Plaintiff paid neither of these assessments. On February 1, 1899, four and a half months after the sale of the stock, plaintiff made a tender of the assessment, together with the interest and costs accruing, and also a tender of subsequent assessments, and demanded his stock, and that he be reinstated as a stockholder. The tender was refused by the company, and the stock cancelled. Thereafter this action was brought against the defendant to recover the stock sold, and to declare the sale void; that the stock be reissued to the plaintiff, and it was alleged, among other things, that the board of directors were an illegal body, and never qualified under the statute.

After stating the facts, MINER, J., delivered the opinion of the court:

The first question for consideration is, whether the failure of the acting members of the board of directors making the assessment and sale, to file their oaths of office as required by the statute, rendered their acts, and the assessments and sale of the stock, void. Sec. 317, Rev. Stat. 1898, reads as follows:

"Before the first or any other officers shall enter upon the duties of their respective offices, they shall take and

subscribe an oath of office, that they will discharge the duties of such office to the best of their judgment, and that they will not do nor consent to the doing of any matter or thing relating to the business of the corporation with intent to defraud any stockholder or creditor or the public, which oaths shall be filed in the office of the county clerk."

The three directors who participated in levying the assessment and conducting the sale of the stock, and who constituted a majority of the directors, were not *de jure* officers of the company, because they had not qualified and taken the oath required by the statute. By enacting the statute referred to, the Legislature had doubtless determined to correct or prevent the evil that might exist, or that had existed, and each director was required to take an oath that he would not do, nor consent to the doing, of any matter or thing with reference to the corporation, with intent to defraud any stockholder, creditor, or the public. Directors are agents of the stockholders. By this act the Legislature has clearly expressed its will that no officer shall act until he qualifies as provided by statute. The object of the statute is to protect the stockholder against the frauds and wrongs of the directors, under the presumption that they would perform their duty under oath more faithfully than without it. It required from each director an oath that they would not do that which they are impliedly charged with doing. They assumed to act for the company and assessed the stock, without taking the oath that they would administer the affairs of the company and the stockholders according to the best of their ability. They acted in violation of the statute, and were not *de jure* officers of the company.

As a general rule the validity of a forfeiture and sale of shares of stock in an incorporated company depend

upon a formal compliance with the requirements of the statute. This was not done. *Raht* v. *Sevier Min. Co.*, 18 Utah, 290; 1 Cook on Stockholders, Sec. 129; *Germantown R. R. Co.* v. *Fitler*, 60 Pa. St., 124; *Garden Gully Co.* v. *McLister*, L. R. 1 App. Cas., 39; *Portland* v. *Graham*, 52 Mass., 1; *Morris* v. *Metalline Land Co.*, 164 Pa. St., 326.

This court held in *Raht* v. *Sevier Min. Co*, 18 Utah, 290, that, "As a general rule, the validity of the forfeiture and sale of the shares of stock depend upon the formal compliance with the requirements of the statute. It is also a well-established rule, that a forfeiture of shares of stock, where the forfeiture was irregular or defective in form, is not void, but voidable, and that, by subsequent knowledge and acquiescence, the shareholder and the company are alike estopped to deny its validity."

The testimony does not disclose that the plaintiff had any knowledge or notice of the illegal character in which the directors acted, nor does it appear in any manner, that the plaintiff thereafter in any way acquiesced or ratified the acts of the board in assessing or selling the stock. Therefore this case does not fall within the rule laid down in *Raht* v. *Sevier Mining Co.*, *supra*, so as to estop the plaintiff from claiming his rights.

The appellant also contends that admitting that the directors were not *de jure* officers, but were *de facto* officers, and that there was no acquiescence in the sale on the part of the plaintiff of the shares of stock, still the sale was legal and binding upon the stockholders and third persons, and that in cases of this character a stockholder must resort to his remedy at law by *quo warranto* or other special proceeding.

As to this contention, it must be remembered that this is an equitable action to redeem the stock that was

improperly sold; that it be reissued to the plaintiff, and that the sale thereof be set aside.

The record shows that the stock had been sold and bid in by the company to pay the assessment thereon. If the sale was void, or voidable, the injury to the plaintiff was complete. A *quo warranto* proceeding might test the right of the directors to hold their office, but would be of little service to the plaintiff after the sale of his stock was made. Such a proceeding could not well replace the stock in the plaintiff, or permit a redemption thereof after it was sold by the company.

A court of equity would not assume jurisdiction to remove an officer of a corporation from his office of which he is in possession, or declare a forfeiture of his office; yet when the court has jurisdiction for one purpose, and the right and authority of certain persons, as officers, collaterally appear, it will inquire into and determine such questions..

In *Moses* v. *Tompkins* 84 Ala., 613, it was said, that when an independent and special ground of equitable interposition, on which the court may take rightful jurisdiction, exists and is shown, it will inquire into the legibility of an election, coming in question collaterally and incidentally. *Nathan* v. *Tompkins*, 82 Ala., 437.

In *Garden Gully U. Q. Min. Co.* v. *Mc Lister*, 1 L. R. App. Cas., 39, a bill was filed to declare invalid a forfeiture of stock for the non-payment of calls, made by directors alleged to have been illegally elected. The question of the validity of the forfeiture ultimately depended on the validity of the election of the persons, who, assuming to be directors, declared complainants' shares forfeited for non-payment of a call made by them. The bill was sustained, and the declaration of the forfeiture declared invalid; and it was further held that

there must be properly appointed directors to make a call, and to declare a forfeiture of shares for non-payment.

So the illegality of the election of persons, who as directors make a call or assessment on stock may be set up in resistance to a recovery. *People's Mut. Ins. Co.* v. *Westcott*, 14 Gray, 440. Thompson on Corp., Sec. 4525.

That the directors were *de facto* officers will be conceded, but this fact will not necessarily prevent a stockholder who has not acquiesced in the illegal act of the directors from resisting an assessment or call on subscription to capital stock.

There are some authorities to the contrary, holding that the power of a *de facto* director can not be collaterally questioned by stockholders without a judgment of ouster against them in a direct proceeding; but an examination of these cases will show that in a majority of them the election was either irregular or voidable, or that the stockholder questioning its validity acquiesced in their acts as officers. So far as third persons are concerned, their official dealings are sustained as valid on the ground of acquiescence by the corporation, and because they hold themselves out as having authority to act, and thereby induce others to deal with them in their official capacity. Therefore their acts and dealings, within the scope of their authority, are sustained. But stockholders are not third persons, with respect to their relation to the corporation.

Those who usurp the duty of directors, without the acquiescence, knowledge, or against the wishes of the stockholders, are not officers, and their acts can not be deemed valid when invoked for their own protection ; nor can the corporation be heard to justify the illegal act as against one of the stockholders who has not consented or acquiesced therein. If it were otherwise, the wrongful assumption and exercise of official authority would operate

to constitute the usurpers as between themselves and the stockholders, a board vested with power to transact the business of the corporation. In such a case the justice and necessity of the rule, as to the validity of *de facto* officers, do not exist. The acts of *de facto* officers are valid only when third parties have rights and interests involved, or when other parties have acquiesced in the acts of such officers, or have by their acts become estopped from disputing such authority.

Under the articles of incorporation an assessment made by the directors duly elected and qualified under the statute is essential to create a liability upon the stockholder, and the validity of the acts of a board of directors, *de facto*, and their authority as such may be called in question by any stockholder who has not acquiesced therein, whenever such acts are detrimental to his interests, affect property rights, or impose liability upon him, and the rights of third parties do not intervene. 4 Thompson on Corp., Sec. 4525; *Moses* v. *Tompkins*, 84 Ala., 613; *People's Mut. Ins. Co.* v. *Westcott*, 14 Gray, 440; *Nathan* v. *Thomas*, 82 Ala., 437; *Raht* v. *Sevier Mining Co.*, 18 Utah, 290; 1 Cook on Stock & Stockholders, Sec. 129; *Garden Gully* v. *McLister*, 1 App. Cas., 39; *Moses* v. *Woodson*, 4 So. Rep., 763; *Corey* v. *Curtice*, 9 Nev., 339; *Bank* v. *Mfg. Co.*, 32 N. J. Eq., 236; *Johnson* v. *Jones*, 23 N. J. Eq., 217; 17 Am. & Eng. Enc. of Law (1st ed.), p. 52.

In our opinion, the acts of the board of directors in assessing and selling the stock in question were illegal, and in no manner acquiesced in by the plaintiff.

The findings, judgment, and decree of the district court are affirmed, with costs, with authority in said court to enforce said decree.

Bartch, C. J., and Baskin, J., concur.