E. B. CRISSEY v. J. B. COOK, *as Administrator, etc.*
**No. 13,088.**  ( 72 Pac. 541.)

SYLLABUS BY THE COURT.

1. CORPORATIONS — *Forfeiture of Capital Stock.*  Where the statute prescribes the method of forfeiting capital stock it must be pursued with some strictness, but in the absence of such provisions it is only necessary that the method adopted be reasonable and just.

2. ——— *Liability of Stockholder Whose Stock has been Forfeited.*  If a forfeiture be void because of something which cannot be waived or cured by the action and acquiescence of the parties, the stockholder remains liable to the company's creditors in the event of its insolvency; but a declared forfeiture, free from collusion and fraud and within the powers of the company, will not be invalidated by irregularities and defects in form which may be waived by the parties, and if both the company and the stockholder, with knowledge of the defects, accept and treat such forfeiture as valid, it will be held sufficient as against the creditors of the company.

Error from Labette district court; THOMAS J. FLANNELLY, judge.  Opinion filed May 9, 1903.  Affirmed.

*Stebbins & Evans*, and *M. E. Williams*, for plaintiff in error.

*Nelson Case*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This is a proceeding by a creditor to enforce a stockholder's individual liability for the debts of a corporation against the estate of H. C. Cook.  E. B. Crissey, the plaintiff, who had been a stockholder and an officer of the Interstate Loan and Trust Company, recovered a judgment against the company for $5289.  Execution on this judgment was returned unsatisfied.  H. C. Cook held stock in the company in the sum of $2000 from 1886, but had only

paid one-half the face value thereof, leaving $1000 due thereon.   During the years' of 1890 and 1891 assessments to the extent of thirty-seven per cent. were made against the stock held by Cook, but he made no payments on any of these calls.   At the stockholders' meeting in 1891 a resolution was passed directing the board of trustees to forfeit to the corporation defaulted stock.   On March 28, 1892, in pursuance of the directions of the stockholders, the board of trustees passed the following resolution :

"*Resolved*, That the capital stock upon which assessments levied have not been paid be, and the same is, hereby declared forfeited :  Provided, however, that the secretary notify each stockholder who has failed to pay his assessments to do so, with interest, within thirty days after such notification, which notification shall be sent by mail to last-known address of said stockholder ; otherwise his stock is forfeited, and the capital stock of each stockholder complying with such notification is exempt from forfeiture."

On April 14, 1892, the secretary of the company notified H. C. Cook of the action of the trustees, declaring that unless the assessments were paid within thirty days from the notice his stock in the corporation would be forfeited.   The stock was declared to be forfeited and an entry of the same was made on the stock-books of the company.   Prior to this time, and on June 2, 1891, Cook, in response to a letter from the president of the company, urging the payment of the assessments, wrote a letter stating that it was utterly impossible for him to pay any further assessments on the stock in that company.   No protest against the forfeiture was ever made by Cook and there was complete acquiescence on his part to the action taken during his lifetime.   He died in June, 1898, and this proceeding was not brought

until March, 1900. These facts, with others, were specially found by the trial court, and the conclusion was reached that Cook was not a stockholder of the company at the time of his death and that his estate was not liable for the claim of the plaintiff.

The principal question in the case is whether the stockholding relation of Cook to the corporation had been severed by the steps taken, or, rather, whether at the time of his death he was entitled to the privileges, and subject to the liabilities, of a stockholder. If Cook could not have insisted on recognition as a stockholder and a right to share in the distribution of assets, his creditor can hardly insist that he was liable as a stockholder or that his estate is subject to a stockholder's liability. Especially is this true where the transactions are free from fraud or collusion, such as an attempt by the officers of an insolvent corporation to relieve a stockholder from liability. In this case the court specially found that during all the time of these transactions, so far as the evidence shows, the company was solvent and a going concern, and that the transactions between the company and Cook, as a stockholder, were made in good faith and were free from fraud. Under the facts found it must be held that the steps taken in declaring the forfeiture were in substantial compliance with the law, and that the forfeiture declared is effective and binding on all the parties concerned.

The forfeiture is challenged on the ground that it is not based upon a by-law. The statute does not make the adoption of a by-law an essential step in a declaration of forfeiture. It does provide that the directors of a corporation shall require subscribers to the capital stock to pay their subscriptions in such manner and instalments as the by-laws may provide. (Gen. Stat,

1901, § 1289.)   It was not shown that by-laws regulating payments on stock subscriptions had been passed.   A subscription to the stock of a corporation of course implies an agreement to pay for the shares, and a by-law in respect to payment is but a regulation between the corporation and the subscriber.   If the steps taken, however, although informal, are treated as sufficient by the corporation and the subscriber, they will be deemed to be binding.   The calls upon the subscriptions appear to have been made on general resolutions passed with as much formality as is necessary for the enactment of by-laws.   Mr. Cook was aware that the assessments had been made, and positively declared that no further payments could be made by him.   He did not question the regularity of the call nor the sufficiency of the notice.   Payment had not been made of the amount due on his stock. His default was practically acknowledged by him in a letter to the president.   He will be deemed to have had knowledge of the proceedings of the company in the several calls for assessments, and as these calls were made in resolutions substantially in the form of by-laws, it certainly cannot be contended that they were illegal or such an irregularity as a stockholder might not waive.

It is further contended that the resolution of forfeiture was insufficient in not particularly specifying the stock of H. C. Cook as being forfeited.   The stattute does not prescribe the form of the declaration of forfeiture, but only requires that a written notice be given before the forfeiture can become effective.   The resolution was general in its terms, applying to all defaulted stock ; but the resolution together with the notice made it sufficiently definite to indicate to the stockholder what action would be taken if payment

should not be made. It would have been more regular if the notice had been completed before the declaration of forfeiture was made. Notice of the forfeiture was conveyed to the stockholder, and no effort was made to protect or redeem the stock. This irregularity, like some of the others mentioned, does not invalidate the proceeding or make it more than voidable. It has been said:

"If the forfeiture is invalid in respect of something which the parties cannot waive and which cannot be cured by their acquiescence, he remains liable to the company's creditors in the event of its insolvency. On the other hand, where there has been a mere irregularity in making a *bona fide* forfeiture within the company's powers, as by failing to give him the prescribed notice or to pass a formal resolution of forfeiture, but only an entry to that effect on the corporate books has been made by the secretary, yet, if both the company and the shareholder treat the forfeiture as valid, it will be held as such against the company's creditors." (2 Thomp. Corp. § 1792.)

Here the corporation was solvent; the trustees acted in good faith in the declaration of forfeiture; there was no lack of power to take the steps necessary to a forfeiture; those taken were in substantial compliance with the law; and both the company and the stockholder acquiesced in the proceeding. Where the statute prescribes the method of forfeiture, it must be pursued with some strictness, but in the absence of such provisions as to details it is only required that the method adopted be reasonable and just, and there can be no complaint that those adopted in this case were unreasonable or unjust.

"It is a well-established rule, also, that a forfeiture of shares, where the forfeiture was irregular or defective in its form, is not void, but voidable; and that, by subsequent knowledge and acquiescence, the share-

holder and the company are alike estopped to deny its validity." (1 Cook, Corp. § 129.   See, also, *Raht v. S. Mining Co.*, 18 Utah, 290, 54 Pac. 889 ; *Schwab v. Frisco Mng. Co.*, 21 id. 258, 60 Pac. 940 ; *Woollston's Case*, 4 De Gex & Jones, 437 ; *Railroad Co. v. Thrall*, 35 Vt. 536.)

The proof with respect to notice is sufficient to uphold the finding of the court.   The letter was dated at the home of the secretary, and was shown to be in his handwriting.   It was found among the effects of the defendant with an endorsement thereon in his handwriting.   It was sufficiently definite and certain to give him information as to the purpose and action of the corporation, and there can be no question of his default in payments on the stock.   Although there are some discrepancies in the testimony of one of the officers of the company with respect to the assessments due from Cook, it is abundantly shown that only $1000 of his subscription had been paid, and that several assessments were made and entered on the books of the company, of which he had sufficient notice, that were ignored by him.

We find nothing substantial in any of the objections made to the rulings on evidence or other proceedings in the trial court, nor do we see any reason why the judgment should be disturbed.   The irregularities and defects in the proceedings that occurred are only voidable and such as may be waived and cured by the action of the corporation and the stockholder.   There was no collusion or bad faith in the transaction.   The forfeiture was declared and stood unchallenged for more than six years prior to the death of Cook.   If the business of the corporation had been profitable and the stockholder, after a number of years, had undertaken to claim a share in the

profits or assets of the company, kept going by the contributions of punctual stockholders, he would have been met by the rule that his acquiescence for a long period of time had waived defects in form and irregularities, and that the steps taken had completely severed his relations with the company as a stockholder. It is equally certain that when he lost his rights as a stockholder he could not thereafter be held liable as a stockholder for corporate debts. The judgment of the district court will be affirmed.

All the Justices concurring.