No. 31,965

LEONARD T. JENT, Trustee of the Estate of the Bosca Leather Goods Company, *Appellant,* v. ANNA FRIGGERI, Administratrix of the Estate of John Friggeri, Deceased, *Appellee.*

(40 P. 2d 343)

Opinion filed January 26, 1935.

*M. B. Munson,* of Pittsburg, for the appellant.
*E. V. Bruce,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from a judgment of the district court refusing to allow a claim of a trustee in bankruptcy against the estate of a deceased person.

On March 9, 1933, the Bosca Leather Goods Company secured a charter from the state of Kansas. It had 950 shares of preferred stock with a par value of $100 a share and an equal amount of non-par common stock. John Friggeri was one of the organizers of the

company, and subscribed for 10 shares of preferred stock at $100 a share. He did not pay for the stock. In the latter part of June, 1932, the company had a fire and was adjudged a bankrupt. Leonard T. Jent, the plaintiff here, was appointed trustee in bankruptcy. At about the same time John Friggeri died. On February 15, 1933, the trustee in bankruptcy filed a claim against the estate of John Friggeri for the $1,000 stock subscription. The claim was allowed by the probate court. The administratrix appealed to the district court. The claim of the administratrix was that the stock for which John Friggeri subscribed was canceled by the corporation for non-payment. The judgment of the district court was in favor of the claim of the administratrix. From that judgment this appeal is taken.

The statute providing for the cancellation of stock in a corporation is R. S. 17-606. It is as follows:

"If any stockholder shall neglect to pay any installment, as required by the board of directors or trustees, the directors or trustees may declare his stock and all previous payments forfeited to the use of the company; but no stock shall be forfeited until the directors or trustees have caused a notice, in writing, to be served on him personally, or by depositing the same in the post office, properly directed to him at the post office nearest his usual place of residence, stating that he is required to make such payment at the time and place specified in said notice, and that if he fails to make the same, his stock, and all previous payments thereon, will be forfeited for the use of the company; which notice may be served as aforesaid, at least thirty days previous to the day on which such payment is required to be made."

It will be noted that the above statute provides just how stock in a corporation may be canceled. There was a dispute in the trial court as to just what was done by the board of directors of the corporation with reference to canceling the stock of Friggeri. Some testified that a resolution to that effect was passed. Some testified that it was only talked about. No minutes of the meeting were ever introduced. There was no evidence at all that a notice was served on him personally or mailed to him as is provided in the above act. The statute with reference to canceling a subscription is not merely to protect the stockholder. Where the statute sets out just how stock may be canceled the cancellation must be carried into effect in substantial compliance therewith. In this case no notice whatever was given the stockholder nor was any other attempt made to comply with the statute. The rule is stated in 7 R. C. L. 254 as follows:

"Being a mere creature of statute, the power to forfeit or sell shares of stock must be pursued in the strictest accordance with the terms of the statute. . . . Notice must be given as required by statute, and in general all the proceedings leading up to or involving a forfeiture or sale of delinquent shares must comply strictly with the statutory requirements."

In *Germantown Passenger Railway Co. v. Fitler*, 60 Pa. St. 124, the court said:

"The power given [forfeiture and sale of delinquent stock] must be strictly pursued, and if any restrictions or limitations . . . have been disregarded, the alleged act of forfeiture must be declared invalid." (p. 130.)

In *American Well, etc., Co. v. Blakemore*, 184 Cal. 343, the court said:

"In taking the necessary steps to sell stock for nonpayment of assessments a strict observance of the statutory mode and provision is essential." (p. 347.)

In that case the forfeiture and sale of stock was held invalid by reason of the company's failure to publish the statutory notice, although the sale was effective as against creditors of the corporation on account of other statutes. The requirement of strict compliance with the statute is the general rule. (See 19 A. L. R. 1096, note; 4 Fletcher Cyclopedia Corporation, sec. 1862; 14 C. J. 649.)

It is not necessary to go beyond our own statutes and decisions to solve this question. We have seen what the requirements of the statute are. This statute was construed by this court in *Crissey v. Cook*, 67 Kan. 20, 72 Pac. 541. There the court said:

"Where the statute prescribes the method of forfeiting capital stock it must be pursued with some strictness."

In that case there had been a notice to the stockholder, and the court held that what was done was a substantial compliance with the statute. We have seen in the case under consideration there was no notice and no attempt to comply with the statute.

In 14 C. J. 649, after recognizing the general rule that statutory provisions for notice must be followed, it is stated:

"Some courts treat them as directory only and require merely substantial compliance." (Sec. 983.)

Defendant relies on that rule and the holding of the court in the case of *Crissey v. Cook*, supra, that substantial compliance is sufficient to sustain her position here. We have concluded that the argument is not good. It cannot be said there was substantial compliance with the statute here since there was no attempt whatever

to comply with it. The verdict for defendant should have been set aside for the reason there was no evidence to sustain it.

The judgment of the trial court is reversed with directions to enter judgment for the plaintiff.