332 P.2d 662

Clyde J. KNAPP, Olive S. Knapp, Jeff Knapp, an infant, by Clyde J. Knapp, his Guardian ad litem, Vickie Knapp, an infant, by Clyde J. Knapp, her Guardian ad litem, Plaintiffs and Respondents.

v.

LIFE INSURANCE CORPORATION of America, a Utah corporation, Defendant and Appellant.

No. 8875.

Supreme Court of Utah.

Dec. 8, 1958.

Ray, Rawlins, Jones & Henderson, Harold R. Waldo, Jr., Salt Lake City, for appellant.

Romney & Nelson, Vernon B. Romney, Salt Lake City, for respondents.

WADE, Justice.

The defendant, Life Insurance Corporation of America, appeals from a judgment in favor of the plaintiffs, Clyde J. and Olive Knapp, husband and wife, and their minor children, respondents here, rescinding an exchange contract for fraud and deceit. The court also awarded plaintiffs a money judgment in payment for the property which plaintiffs transferred to defendant under such exchange agreement if not returned to plaintiffs.

The exchange contract was actually made on January 5, 1955, but was dated December 30, 1954. Under it plaintiffs received 1,500 shares of defendant corporation's capital stock at $20 per share or $30,000 worth, and $4,383.03 cash, making a total of $34,383.03 in exchange for plaintiffs' interest, as sellers, in two title retaining purchase and sale contracts. Under one contract plaintiffs sold certain land in Salt Lake County, together with water stock, livestock, equipment and machinery to

some people named Heaton, (one of the Heatons was the salesman who first approached Knapp on the exchange contract) on which there was a balance of the purchase price owing to plaintiffs of $27,875. Under the other purchase and sale contract the Knapps sold to some of the Heatons certain livestock which was on the land sold under the first contract, on which there was then owing to plaintiffs $6,508.-03. Thus the total balance owing to the Knapps under these contracts was $34,383.-03, the same as the purchase price of the stock and the cash payment which they received under the exchange contract.

Defendant urges two points: (1) That plaintiffs are barred from rescinding on account of fraud by lack of diligence in not rescinding earlier and by laches. (2) There is no evidence to support the money judgment in plaintiffs' favor. We will consider the above points in the order stated.

 The plaintiffs are not barred from rescinding this contract by lack of diligence or delay or by laches. The trial court found the facts on this question in favor of plaintiffs and against the defendant. A study of the record on this question convinces us that such finding is reasonably in accordance with the evidence. We have many times held that in such case the trial court will not be reversed.[1]

Defendant makes several contentions under this point. It contends first that as early as May, 1955, plaintiffs learned facts which ordinary prudence required investigation which would have led to a discovery of the fraud, and that such failure to investigate precludes recovery. Among other things it contends that at the May 10, 1955, stockholders' meeting it was disclosed that the state insurance commissioner had threatened to revoke defendant's license unless it promptly corrected deficiencies in admissible assets. However, the evidence indicates, and the court found, that the company's president at that meeting explained that the main complaint was that the company was holding the interest in real estate conveyed to it by plaintiffs and a similar interest in real estate from another transaction, contrary to state regulations, and that feasible and appropriate changes would be promptly made to remedy the situation. In accordance with the evidence the court further found that Knapp reasonably believed the president's explanation, and that under those circumstances due diligence did not require him to make further investigations.

The court further found that prior to receiving a circular letter to the company's stockholders from defendant's attorney dated August 30, 1955, plaintiffs did not have notice which would prompt an ordi-

1. Cole v. Parker, 5 Utah 2d 263, 300 P.2d 623, Kartchner v. Horne, 1 Utah 2d 112, 262 P.2d 749.

nary prudent person to investigate the truth of the misrepresentations relied upon. It further found that this letter, in which was enclosed a trust agreement authorizing the reorganization of the company with the aid of outside capital in order that it might continue in business, did give plaintiffs such notice. However, the court found that the plaintiffs immediately consulted their attorney who promptly commenced such investigations. And plaintiffs, without undue delay, notified defendant of their intention to rescind on October 25, 1955. The discovery of fraud was somewhat delayed because there was no audit of the company's financial condition available, and plaintiffs' attorney, upon being assured that the State Insurance Commission was having such audit made, did not give such notice of intention to rescind until a comparison of this audit with the fraudulent misrepresentations could be made. Such findings were reasonably supported by the evidence.

█ It is generally recognized that whether an action to rescind on account of fraud is barred by want of due diligence or laches depends on the facts and circumstances of each case. There is no definite period of time applicable to all cases, like the statute of limitations, and the decision of the trial court will only be reversed where an abuse of discretion is shown.[2]

█ There was ample evidence to support the money judgment awarded. This was not an exchange of real property for capital stock in defendant company and money. Here plaintiffs transferred their interest as sellers in two title retaining contracts, one for the sale of real estate and personal property, and the other for the sale of personal property only. In each contract the purchasers agreed to pay a specified sum of money, the payment of which was secured by title to the property sold under the purchase and sale contracts. The defendant, under the contracts which plaintiffs transferred to it, was entitled to recover a specified sum of money from the purchasers regardless of the value of the property sold under those contracts. The plaintiffs and defendant expressly agreed that plaintiffs' interest as sellers which they transferred to defendant was of the reasonable value of the full amount of the purchase money still owing under the contracts of sale. Under such circumstances there was ample evidence to support the money judgment, and the court did not err in excluding evidence of the

2. Townsend v. Vanderwerker, 160 U.S. 171, 176, 16 S.Ct. 258, 40 L.Ed. 383; Williams v. Marshall, 37 Cal.2d 445, 235 P.2d 372; Raht v. Sevier Mining & Milling Co., 18 Utah 290, 54 P. 889; Frailey v. McGarry, 116 Utah 504, 211 P.2d 840; Mawhinney v. Jensen, 120 Utah 142, 232 P.2d 769; Payson Building & Loan Society v. Taylor, 87 Utah 302, 48 P.2d 894; Taylor v. Moore, 87 Utah 493, 51 P.2d 222.

reasonable value of the real estate only, which was sold under one of the contracts which plaintiffs transferred to defendants.

Judgment affirmed with costs to respondents.

McDONOUGH, C. J., and HENRIOD, J., concur.

CROCKETT and WORTHEN, JJ., concur in the result.